# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
07/21/2022
CT Log Number 541968000

**Service of Process Transmittal Summary**

TO:     General Counsel
        Daimler Truck North America LLC
        4555 N CHANNEL AVE, HQ637B-LGL
        PORTLAND, OR 97217-7613

RE:     **Process Served in New York**

FOR:    Daimler Trucks North America LLC  (Former Name)  (Domestic State: DE)
        Daimler Truck North America LLC (True Name)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BRIJMATTIE KISSOON, as Administrator of the Estate of TRIBHOWANDEO GANGARAM, and BRIJMATTIE KISSOON, Individually // To: Daimler Truck North America LLC |
| **CASE #:** | 5115782022 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 07/21/2022 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/22/2022, Expected Purge Date: 07/27/2022 |
| | Image SOP |
| | Email Notification, General Counsel  Cynthia.scott@Daimler.com |
| | Email Notification, SARA DORLAND  sara.dorland@daimlertruck.com |
| | Email Notification, MARNI LAROSE  marni.larose@daimlertruck.com |
| | Email Notification, Ann Wixted  ann.wixted@daimlertruck.com |
| | Email Notification, Namrata Amarnath  namrata.amarnath@daimlertruck.com |
| | Email Notification, KIM KLECKER  kimberly.klecker@daimlertruck.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 28 Liberty Street |
| | New York, NY 10005 |
| | 866-331-2303 |
| | CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



UNITED STATES POSTAGE
PITNEY BOWES

02 1P
0004737148
MAILED FROM ZIP CODE 11242
$ 001.13⁰
JUL 15 2022

GOLDSTEIN & GOLDSTEIN
ATTORNEYS AT LAW
26 COURT STREET, 20TH FLOOR
BROOKLYN, NY 11242

Daimler Trucks North America, LLC
C/O C T Corporation System
28 Liberty Avenue
New York, New York 10005



**GOLDSTEIN & GOLDSTEIN**
ATTORNEYS AT LAW

26 COURT STREET
20TH FLOOR
BROOKLYN, NY 11242

PHONE: (718) 855-0551
FAX: (718) 855-7337
EMAIL: INFO@GGPILAW.COM
WWW.GGPILAW.COM

July 15, 2022

Daimler Trucks North America, LLC
C/O C T Corporation System
28 Liberty Avenue
New York, New York 10005

|  |  |
|---|---|
| Re: | **Brijmattie Kissoon, as Administrator of the Estate of Tribhowandeo Gangaram, et al vs. Daimler Trucks North America, LLC, et al s.** |
| D/A: | **April 25, 2020** |
| Our File No.: | **20-11142** |

Dear Sir/Madam:

　　Our file indicates that on May 4, 2022, a Summons and Verified Complaint was served upon Secretary of State, on your behalf. Enclosed is a copy of the Summons and Verified Complaint, along with the Affidavit verifying service. To date, we have not received an appearance or answer from you or any attorney on your behalf. This means that you are now in default.

　　Please interpose an answer as soon as possible. If we do not hear from you within ten (10) days, we will have no choice but to begin default proceedings.

Very truly yours,
*GOLDSTEIN & GOLDSTEIN, P.C.*

By: *Richard*

Latasha Richardson
Legal Assistant

Enclosures

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF KINGS

Purchased/Filed: April 21, 2022
Index # 511578/2022

*BRIJMATTIE KISSOON, AS ADMINISTRATOR OF THE ESTATE OF TRIBHOWANDEO GANGARAM, ET ANO*                    Plaintiff

against

*DAIMLER TRUCKS NORTH AMERICA, LLC ET AL*                    Defendant

STATE OF NEW YORK
COUNTY OF ALBANY          SS.:

JAMES PERONE , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on          May 4, 2022          , at   11:00 AM  , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

SUMMONS AND VERIFIED COMPLAINT

on

DAIMLER TRUCKS NORTH AMERICA, LLC          , the

Defendant in this action, by delivering to and leaving with          Nancy Dougherty          ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of

the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, 2 true copies thereof and that

at the time of making such service, deponent paid said Secretary of State a fee 40 dollars; That said service was

made pursuant to Section 303 Limited Liability Company Law. Deponent further says that deponent knew the

person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly

authorized to accept such service on behalf of said defendant

Description of the person served: Approx. Age:   55-60      Approx. Wt:   130lbs      Approx. Ht:    5'3"

Color of skin:   White      Hair color:   Black      Sex:  Female      Other:

Sworn to before me on this

  4th   day of May 2022

HEATHER MORIGERATO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MO6261464
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MAY 14, 2024

JAMES PERONE
Attny's File No. 20-11142
Invoice•Work Order # S1876523

*SERVICO, INC., P.O. BOX 871, ALBANY, NY 12201*

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, and
BRIJMATTIE KISSOON, Individually,

                    Plaintiffs,

        -against-

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER CORPORATION,
and THOMAS BUILT BUSES, INC.

                    Defendants.
-----------------------------------------------------------------X

Index No.: 511578/2022

**SUMMONS**

Plaintiff designates Kings
County as the place of trial.

The basis of venue is:
Location of Accident

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: BROOKLYN, NEW YORK
     April 20 , 2022

                                  MARK I. GOLDSTEIN
                                  **GOLDSTEIN & GOLDSTEIN, P.C.**
                                  Attorneys for Plaintiffs
                                  26 Court Street, 20th Floor
                                  Brooklyn, New York 11242
                                  (718) 855-0551
                                  Our File No. 20-11142

TO:    DAIMLER TRUCKS NORTH AMERICA, LLC
        NAVISTAR, INC.
        THOMAS BUILT BUSES, INC.
        FREIGHTLINER CORPORATION

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, and
BRIJMATTIE KISSOON,
Individually,

                               Plaintiffs,                            Index No.:

           -against-                              **VERIFIED COMPLAINT**

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER CORPORATION,
and THOMAS BUILT BUSES, INC.

                            Defendants.
-------------------------------------------------------------------X

       Plaintiffs, by their attorneys, **GOLDSTEIN & GOLDSTEIN, P.C.** complaining of the Defendants,

respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF TRIBHOWANDEO GANGARAM

      1.     At all times herein mentioned, Plaintiff **BRIJMATTIE KISSOON** was appointed

administrator of the Estate of decedent **TRIBHOWANDEO GANGARAM**.

      2.     At all times herein mentioned, Decedent **TRIBHOWANDEO GANGARAM** was employed

by LOGAN BUS COMPANY.

      3.     At all times herein mentioned, Decedent **TRIBHOWANDEO GANGARAM** was working on

a 2005 Freightliner Bus, New York Plate number 20602 BB.

      4.     That at all times herein mentioned, while working on the aforesaid bus, plaintiff decedent was

in the course of his employment.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

5.      At all times herein mentioned, Defendant, **DAIMLER TRUCK NORTH AMERICA LLC** was and still is a foreign limited liability company duly authorized to do business in the State of New York.

6.      That at all times herein mentioned, Defendant **THOMAS BUILT BUSES, INC.** was and still is a foreign business corporation authorized to do business in the State of New York.

7.      That at all times herein mentioned, Defendant **NAVISTAR, INC.** was and still is a foreign business corporation authorized to do business in the State of New York.

8.      That at all times herein mentioned, Defendant **FREIGHTLINER CORPORATRION** was and still is a foreign business corporation authorized to do business in the State of New York.

9.      That Defendant, **DAIMLER TRUCK NORTH AMERICA LLC** committed a tortious act within the State of New York.

10.     That Defendant, **DAIMLER TRUCK NORTH AMERICA LLC** regularly does, or solicits, business in the State of New York.

11.     That Defendant **DAIMLER TRUCK NORTH AMERICA LLC** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

12.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing Alliance Parts for the purpose of sale and use to the general public.

13.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing Alliance Parts for the purpose of sale and use to businesses.

14.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

15.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to businesses.

16.     That at all times herein mentioned, the defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing Alliance Parts which were a part of the aforesaid 2005 Freightliner bus with NY Plate number 20602BB and Vin number 4UZAAXCS55CN21255.

17.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC**  was in the business of selling, manufacturing and distributing the components and/or parts of Freightliner Buses for the purpose of sale and use to the general public.

18.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the components and/or parts of Freightliner Buses for the purpose of sale and use to businesses.

19.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the components and/or parts of the 2005 Freightliner Bus with NY Plate number 20602BB and VIN number 4UZAAXCS55CN2255 for the purpose of sale and use to businesses.

20.     That at all times hereinafter mentioned, the defendant **DAIMLER TRUCK NORTH AMERICA, LLC** was in the business of selling, manufacturing and distributing the components and/or parts of Thomas Built buses which were a part of the aforesaid 2005 Freightliner bus with NY Plate number 20602BB and VIN number 4UZAAXCS55CN2255 for the purpose of the sale and use of the general public.

Case 1:22-cv-04563-EK-RER   Document 1-1   Filed 08/03/22   Page 10 of 45 PageID #: 16

21.     That at all times herein mentioned, and prior to April 25, 2020, the Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** was in the business of selling, manufacturing and distributing the components and/or parts of Thomas Built Buses for the purpose of sale and use to the general public.

22.     That at all times herein mentioned, and prior to April 25, 2020, the Defendant **DAIMLER TRUCK NORTH AMERICA, LLC** was in the business of selling, manufacturing and distributing the component and/or parts of Thomas Built Buses for the purpose of sale and use to businesses.

23.     That Defendant, **NAVISTAR, INC.** committed a tortious act within the State of New York.

24.     That Defendant, **NAVISTAR, INC.** regularly does, or solicits, business in the State of New York.

25.     That Defendant **NAVISTAR, INC.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

26.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing components and/or parts of International Buses for the purpose of sale and use to the general public.

27.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing component and/or parts of International Buses for the purpose of sale and use to businesses.

28.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

29.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255 for the purpose of sale and use to businesses.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

30.     That at all times herein mentioned the defendant **NAVISTAR, INC.** was in the business of selling, manufacturing, and distributing the component parts of International bus which were a part of the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255.

31.     That Defendant, **THOMAS BUILT BUSES, INC.** committed a tortious act within the State of New York.

32.     That Defendant, **THOMAS BUILT BUSES, INC.** regularly does, or solicits, business in the State of New York.

33.     That Defendant **THOMAS BUILT BUSES, INC.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

34.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to the general public.

35.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to businesses.

36.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing the component bus parts in the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

37.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing the component parts in the subject 2005 Freightliner Bus with NY Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to businesses.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

38.     That at all times herein mentioned, the defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255.

39.     At all times herein mentioned, Defendant, **FREIGHTLINER CORPORATION** is a foreign limited liability company duly authorized to do business in the State of New York.

40.     That at all times herein mentioned, Defendant **FREIGHTLINER CORPORATION** was and still is a foreign business corporation authorized to do business in the State of New York.

41.     That Defendant, **FREIGHTLINER CORPORATION** committed a tortious act within the State of New York.

42.     That Defendant, **FREIGHTLINER CORPORATION** regularly does, or solicits, business in the State of New York.

43.     That Defendant **FREIGHTLINER CORPORATION** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

44.     That at all times herein mentioned the Defendant **FREIGHTLINER CORPORATION** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to the general public.

45.     That at all times herein mentioned the Defendant **FREIGHTLINER CORPORATION** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to businesses.

46.     That at all times herein mentioned the Defendant **FREIGHTLINER CORPRATION** was in the business of selling, manufacturing and distributing the component parts of the subject 2005 Freightliner Bus with NY Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

47.     That at all times herein mentioned, the defendant **FREIGHTLINER CORPORATION** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255.

48.     That on April 25, 2020, plaintiff was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **DAIMLER TRUCK NORTH AMERICA, LLC.**

49.     That on April 25, 2020, plaintiff was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **NAVISTAR, INC.**

50.     That on April 25, 2020, plaintiff was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **FREIGHTLINER CORPORATION.**

51.     That on April 25, 2020, plaintiff decedent was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **THOMAS BUILT BUSES, INC.**

52.     That on April 25, 2020, plaintiff decedent was working on a bus manufactured by defendants with Alliance Air Springs.

53.     That the Defendant **DAIMLER TRUCK NORTH AMERICA, LLC** warranted said product was fit for the purpose for which it was intended.

54.     That the Defendant **DAIMLER TRUCK NORTH AMERICA, LLC** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

55.     That the Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** impliedly warranted that the said product was of merchantable quality and was safe for use.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

56.    That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

57.    That Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** warranted its product and provided certain written instructions in connection with the use of the product.

58.    That on April 25, 2020, the Plaintiff decedent while using the product in accordance with its intended use, was caused to suffer and sustain severe bodily injuries.

59.    That on April 25, 2020 while using the product in accordance with its intended use, plaintiff decedent suffered injuries which were painful, debilitating, and ultimately caused the death of plaintiff decedent.

60.    That the aforesaid accident was caused by reason that Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

61.    That the Defendant **NAVISTAR, INC.** warranted said product was fit for the purpose for which it was intended.

62.    That the Defendant **NAVISTAR, INC.** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

63.    That the Defendant, **NAVISTAR, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

64.    That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

65.    That Defendant, **NAVISTAR, INC.** warranted its product and provided certain written instructions in connection with the use of the product.

FILED: KINGS COUNTY C[ ]RK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

66.     That the aforesaid accident was caused by reason that Defendant, **NAVISTAR, INC.** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

67.     That the Defendant **THOMAS BUILT BUSES, INC.** warranted said product was fit for the purpose for which it was intended.

68.     That the Defendant **THOMAS BUILT BUSES, INC.** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

69.     That the Defendant, **THOMAS BUILT BUSES, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

70.     That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

71.     That Defendant, **THOMAS BUILT BUSES, INC.** warranted its product and provided certain written instructions in connection with the use of the product.

72.     That the aforesaid accident was caused by reason that Defendant, **THOMAS BUILT BUSES, INC.** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

73.     That the Defendant **FREIGHTLINER CORPORATION** warranted said product was fit for the purpose for which it was intended.

74.     That the Defendant **FREIGHTLINER CORPORATION** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

75.     That the Defendant, **FREIGHTLINER CORPORATION** impliedly warranted that the said product was of merchantable quality and was safe for use.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM          INDEX NO. 511578/2022
NYSCEF DOC. NO. 1                                       RECEIVED NYSCEF: 04/21/2022

76.     That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

77.     That Defendant, **FREIGHTLINER CORPORATION** warranted its product and provided certain written instructions in connection with the use of the product.

78.     That the aforesaid accident was caused by reason that Defendant, **FREIGHTLINER CORPORATION** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

79.     That this action falls under one or more of the exceptions of CPLR §1602.

80.     That as a result of the foregoing, plaintiff's intestate and plaintiff's estate was damaged in an amount which exceeds jurisdictional limits.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF TRIBHOWANDEO GANGARAM

81.     Plaintiff decedent **TRIBHOWANDEO GANGARAM**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though same were more fully set forth at length herein.

82.     That the said bus and its component parts were defective and that said defect was a substantial factor in causing the injury to the Plaintiff.

83.     That on April 25, 2020, Plaintiff decedent **TRIBHOWANDEO GANGARAM**, used the product for the purpose and use normally intended.

84.     That on April 25, 2020, while Plaintiff decedent **TRIBHOWANDEO GANGARAM** was using the said product, he was caused to suffer severe bodily injuries.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

85.     That by reason of the foregoing, defendants, their servants, agents, licensees and/or employees are liable to Plaintiff for strict liability and tort, and/or strict products liability.

86.     That by reason of the foregoing, plaintiff's intestate and plaintiff's estate, has been damaged in an amount which exceeds jurisdictional limits.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF TRIBHOWANDEO GANGARAM

87.     Plaintiff decedent **TRIBHOWANDEO GANGARAM**, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though same more fully set forth at length herein.

88.     That Plaintiff decedent **TRIBHOWANDEO GANGARAM** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants, their agents, servants, licensees and/or employees in improperly and negligently manufacturing and producing said bus and component parts for use by the general public; and in otherwise being careless and negligent.

89.     That by reason of the foregoing, plaintiff's intestate and plaintiff's estate, has been damaged in an amount which exceeds jurisdictional limits.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF TRIBHOWANDEO GANGARAM

90.     Plaintiff decedent **TRIBHOWANDEO GANGARAM** repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect as though same more fully set forth at length herein.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

91.    That plaintiff decedent was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendants their agents, servants, licensees and/or employees, in failing to use proper skill in the manufacturing, designing and labeling of said product;   in failing to provide for basic, common, safety principles; in labeling the product in a defective and improper manner; in failing to advise plaintiff decedent that the equipment in accordance with the instructions became defective and was unsafe and hazardous; in failing to properly inspect, design and test the aforesaid product before allowing same to be used by the general public; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing for warnings, in accordance with the instructions of its use; in failing to provide a safe product, and causing, creating and allowing a defective, improper product by improperly designing the product; and permitting it to remain and exist; in negligently assembling the said product; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff decedent and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designing labels, and warnings, and releasing same for its use to the general public; and in otherwise being careless and negligent.

92.    That by reason of the foregoing, plaintiff's intestate and plaintiff's estate has been damaged in an amount which exceeds jurisdictional limits.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF TRIBHOWANDEO GANGARAM

93.    Plaintiff **TRIBHOWANDEO GANGARAM** repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

94.    That as a result of the unlawful, improper, negligent, violative, obstreperous, wilful and grossly deficient acts, actions and conduct on the part of defendants, their agents, servants, personnel, and employees, the Wrongful Death of plaintiff decedent was caused, created and suffered.

95.    That by virtue of the foregoing, plaintiff's intestate and plaintiff's estate have been damaged in an amount which exceeds jurisdictional limits.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF BRIJMATTIE KISSOON

96.    Plaintiff **BRIJMATTIE KISSOON** repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

97.    By reason of the above, Plaintiff **BRIJMATTIE KISSOON** brings this action for the wrongful death of Plaintiff decedent **TRIBHOWANDEO GANGARAM** on behalf of herself, and on behalf of all others entitled to compensation, for damages, both general and special, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants herein in an amount which exceeds jurisdictional limitations, together with the costs and disbursements of this action.

Yours, etc.

**GOLDSTEIN & GOLDSTEIN, P.C.**

By: _____
        MARK I. GOLDSTEIN
Attorneys for Plaintiffs
Office & P.O. Address
26 Court Street - Suite 2005
Brooklyn, New York 11242
Our File No. 20-11142

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

## ATTORNEY'S VERIFICATION

**MARK I. GOLDSTEIN**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GOLDSTEIN & GOLDSTEIN, P.C., attorneys of record for Plaintiffs, **TRIBHOWANDEO GANGARAM, and BRIJMATTIE KISSOON.**   I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except    those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.   My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

Dated:   Brooklyn, New York
          April 20, 2022.

_____
MARK I. GOLDSTEIN

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

Index No.:

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, and
BRIJMATTIE KISSOON, Individually,

         **Plaintiffs,**

   -against-

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER CORPORATION,
and THOMAS BUILT BUSES, INC.

         **Defendants.**

---

## SUMMONS AND VERIFIED COMPLAINT

---

**GOLDSTEIN & GOLDSTEIN**
*Attorneys for Plaintiffs*
26 Court Street, 20th Floor
Brooklyn, New York 11242
(718)855-0551

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-----------------------------------------------------------x
BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, et al

Plaintiff/Petitioner,

- against -                                    Index No. 511578/2022

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER, et al

Defendant/Respondent.
-----------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: April 21, 2022

MARK I GOLDSTEIN
Name
GOLDSTEIN & GOLDSTEIN, P.C.

Firm Name

26 Court Street - 20th Floor
Address

Brooklyn, New York 11242

718-855-0551
Phone

INFO@GGPILAW.COM
E-Mail

To: _____

_____

_____

6/6/18

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/25/2022
CT Log Number 541990753

## Service of Process Transmittal Summary

**TO:**       General Counsel
          Daimler Truck North America LLC
          4555 N CHANNEL AVE, HQ637B-LGL
          PORTLAND, OR 97217-7613

**RE:**       **Process Served in New York**

**FOR:**      Thomas Built Buses, Inc. (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BRIJMATTIE KISSOON, as Administrator of the Estate of TRIBHOWANDEO GANGARAM, and BRIJMATTIE KISSOON, individually // To: Thomas Built Buses, Inc. |
| **CASE #:** | 5115782022 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Non-Traceable Mail on 07/25/2022 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/27/2022, Expected Purge Date: 08/01/2022 |
| | Image SOP |
| | Email Notification,  General Counsel  Cynthia.scott@Daimler.com |
| | Email Notification,  SARA DORLAND  sara.dorland@daimlertruck.com |
| | Email Notification,  MARNI LAROSE  marni.larose@daimlertruck.com |
| | Email Notification,  KIM KLECKER  kimberly.klecker@daimlertruck.com |
| | CC Recipient(s) Attention President, via Regular Mail |
| **REGISTERED AGENT CONTACT:** | C T Corporation System 28 Liberty Street New York, NY 10005 866-331-2303 CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



UNITED STATES POSTAGE

PITNEY BOWES

02 1P     $ 001.760
0004737148  JUL 20 2022
MAILED FROM ZIP CODE 11242

GOLDSTEIN & GOLDSTEIN
ATTORNEYS AT LAW
26 COURT STREET, 20TH FLOOR
BROOKLYN, NY 11242

Thomas Built Buses, Inc
C/O C T Corporation
28 Liberty Avenue
New York, New York 10005



## GOLDSTEIN & GOLDSTEIN
### ATTORNEYS AT LAW

26 COURT STREET
20TH FLOOR
BROOKLYN, NY 11242

PHONE: (718) 855-0551
FAX: (718) 855-7337
EMAIL: INFO@GGPILAW.COM
WWW.GGPILAW.COM

July 15, 2022

Thomas Built Buses, Inc
C/O C T Corporation
28 Liberty Avenue
New York, New York 10005

Re:   **Brijmattie Kissoon, as Administrator of the Estate of Tribhowandeo Gangaram, et al vs. Daimler Trucks North America, LLC, et al s.**

D/A:   **April 25, 2020**

Our File No.:   **20-11142**

Dear Sir/Madam:

Our file indicates that on May 4, 2022, a Summons and Verified Complaint was served upon Secretary of State, on your behalf. Enclosed is a copy of the Summons and Verified Complaint, along with the Affidavit verifying service. To date, we have not received an appearance or answer from you or any attorney on your behalf. This means that you are now in default.

Please interpose an answer as soon as possible. If we do not hear from you within ten (10) days, we will have no choice but to begin default proceedings.

Very truly yours,
**GOLDSTEIN & GOLDSTEIN, P.C.**

By: Latasha Richardson
Legal Assistant

Enclosures

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF KINGS

Purchased/Filed: April 21, 2022
Index # 511578/2022

*BRIJMATTIE KISSOON, AS ADMINISTRATOR OF THE ESTATE OF TRIBHOWANDEO GANGARAM, ET ANO*

Plaintiff

against

*DAIMLER TRUCKS NORTH AMERICA, LLC ET AL*

Defendant

STATE OF NEW YORK
COUNTY OF ALBANY

SS.:

_____ JAMES PERONE _____, being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ May 4, 2022 _____, at _11:00 AM_, at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

SUMMONS AND VERIFIED COMPLAINT

on

_____ THOMAS BUILT BUSES, INC. _____, the

Defendant in this action, by delivering to and leaving with _____ Nancy Dougherty _____,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of

the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, _2_ true copies thereof and that

at the time of making such service, deponent paid said Secretary of State a fee _40_ dollars; That said service was

made pursuant to Section _306 Business Corporation Law_. Deponent further says that deponent knew the person

so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly

authorized to accept such service on behalf of said defendant

Description of the person served: Approx. Age: _55-60_   Approx. Wt: _130lbs_   Approx. Ht: _5'3"_

Color of skin: _White_   Hair color: _Black_   Sex: _Female_   Other: _____

Sworn to before me on this

_4th_ day of May 2022

_____
HEATHER MORIGERATO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MO6291464
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MAY 14, 2024

_____
JAMES PERONE
Attny's File No. 20-11142
Invoice•Work Order # S1876526

*SERVICO. INC.. P.O. BOX 871. ALBANY. NY 12201*

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, and
BRIJMATTIE KISSOON, Individually,

                     Plaintiffs,

          -against-

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER CORPORATION,
and THOMAS BUILT BUSES, INC.

                     Defendants.
------------------------------------------------------------------X

Index No.: 511578/2022

**SUMMONS**

Plaintiff designates Kings
County as the place of trial.

The basis of venue is:
Location of Accident

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: BROOKLYN, NEW YORK
    April 20 , 2022

                                 MARK I. GOLDSTEIN
                                 GOLDSTEIN & GOLDSTEIN, P.C.
                                 Attorneys for Plaintiffs
                                 26 Court Street/20th Floor
                                 Brooklyn, New York 11242
                                 (718) 855-0551
                                 Our File No. 20-11142

TO:    DAIMLER TRUCKS NORTH AMERICA, LLC
        NAVISTAR, INC.
        THOMAS BUILT BUSES, INC.
        FREIGHTLINER CORPORATION

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM    INDEX NO. 511578/2022
NYSCEF DOC. NO. 1                                RECEIVED NYSCEF: 04/21/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, and
BRIJMATTIE KISSOON,
Individually,

                                Plaintiffs,              Index No.:

            -against-                                    **VERIFIED COMPLAINT**

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER CORPORATION,
and THOMAS BUILT BUSES, INC.

                                Defendants.
--------------------------------------------------------------------X

Plaintiffs, by their attorneys, **GOLDSTEIN & GOLDSTEIN, P.C.** complaining of the Defendants,

respectfully allege, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF TRIBHOWANDEO GANGARAM

1.      At all times herein mentioned, Plaintiff **BRIJMATTIE KISSOON** was appointed

administrator of the Estate of decedent **TRIBHOWANDEO GANGARAM.**

2.      At all times herein mentioned, Decedent **TRIBHOWANDEO GANGARAM** was employed

by LOGAN BUS COMPANY.

3.      At all times herein mentioned, Decedent **TRIBHOWANDEO GANGARAM** was working on

a 2005 Freightliner Bus, New York Plate number 20602 BB.

4.      That at all times herein mentioned, while working on the aforesaid bus, plaintiff decedent was

in the course of his employment.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

5.      At all times herein mentioned, Defendant, **DAIMLER TRUCK NORTH AMERICA LLC** was and still is a foreign limited liability company duly authorized to do business in the State of New York.

6.      That at all times herein mentioned, Defendant **THOMAS BUILT BUSES, INC.** was and still is a foreign business corporation authorized to do business in the State of New York.

7.      That at all times herein mentioned, Defendant **NAVISTAR, INC.** was and still is a foreign business corporation authorized to do business in the State of New York.

8.      That at all times herein mentioned, Defendant **FREIGHTLINER CORPORATRION** was and still is a foreign business corporation authorized to do business in the State of New York.

9.      That Defendant, **DAIMLER TRUCK NORTH AMERICA LLC** committed a tortious act within the State of New York.

10.     That Defendant, **DAIMLER TRUCK NORTH AMERICA LLC** regularly does, or solicits, business in the State of New York.

11.     That Defendant **DAIMLER TRUCK NORTH AMERICA LLC** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

12.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing Alliance Parts for the purpose of sale and use to the general public.

13.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing Alliance Parts for the purpose of sale and use to businesses.

14.     That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

15.    That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to businesses.

16.    That at all times herein mentioned, the defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing Alliance Parts which were a part of the aforesaid 2005 Freightliner bus with NY Plate number 20602BB and Vin number 4UZAAXCS55CN21255.

17.    That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC**  was in the business of selling, manufacturing and distributing the components and/or parts of Freightliner Buses for the purpose of sale and use to the general public.

18.    That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the components and/or parts of Freightliner Buses for the purpose of sale and use to businesses.

19.    That at all times herein mentioned the Defendant **DAIMLER TRUCK NORTH AMERICA LLC** was in the business of selling, manufacturing and distributing the components and/or parts of the 2005 Freightliner Bus with NY Plate number 20602BB and VIN number 4UZAAXCS55CN2255 for the purpose of sale and use to businesses.

20.    That at all times hereinafter mentioned, the defendant **DAIMLER TRUCK NORTH AMERICA, LLC** was in the business of selling, manufacturing and distributing the components and/or parts of Thomas Built buses which were a part of the aforesaid 2005 Freightliner bus with NY Plate number 20602BB and VIN number 4UZAAXCS55CN2255 for the purpose of the sale and use of the general public.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

21.     That at all times herein mentioned, and prior to April 25, 2020, the Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** was in the business of selling, manufacturing and distributing the components and/or parts of Thomas Built Buses for the purpose of sale and use to the general public.

22.     That at all times herein mentioned, and prior to April 25, 2020, the Defendant **DAIMLER TRUCK NORTH AMERICA, LLC** was in the business of selling, manufacturing and distributing the component and/or parts of Thomas Built Buses for the purpose of sale and use to businesses.

23.     That Defendant, **NAVISTAR, INC.** committed a tortious act within the State of New York.

24.     That Defendant, **NAVISTAR, INC.** regularly does, or solicits, business in the State of New York.

25.     That Defendant **NAVISTAR, INC.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

26.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing components and/or parts of International Buses for the purpose of sale and use to the general public.

27.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing component and/or parts of International Buses for the purpose of sale and use to businesses.

28.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

29.     That at all times herein mentioned the Defendant **NAVISTAR, INC.** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255 for the purpose of sale and use to businesses.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

30.     That at all times herein mentioned the defendant **NAVISTAR, INC.** was in the business of selling, manufacturing, and distributing the component parts of International bus which were a part of the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255.

31.     That Defendant, **THOMAS BUILT BUSES, INC.** committed a tortious act within the State of New York.

32.     That Defendant, **THOMAS BUILT BUSES, INC.** regularly does, or solicits, business in the State of New York.

33.     That Defendant **THOMAS BUILT BUSES, INC.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

34.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to the general public.

35.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to businesses.

36.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing the component bus parts in the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

37.     That at all times herein mentioned the Defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing the component parts in the subject 2005 Freightliner Bus with NY Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to businesses.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

38.    That at all times herein mentioned, the defendant **THOMAS BUILT BUSES, INC.** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255.

39.    At all times herein mentioned, Defendant, **FREIGHTLINER CORPORATION** is a foreign limited liability company duly authorized to do business in the State of New York.

40.    That at all times herein mentioned, Defendant **FREIGHTLINER CORPORATION** was and still is a foreign business corporation authorized to do business in the State of New York.

41.    That Defendant, **FREIGHTLINER CORPORATION** committed a tortious act within the State of New York.

42.    That Defendant, **FREIGHTLINER CORPORATION** regularly does, or solicits, business in the State of New York.

43.    That Defendant **FREIGHTLINER CORPORATION** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

44.    That at all times herein mentioned the Defendant **FREIGHTLINER CORPORATION** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to the general public.

45.    That at all times herein mentioned the Defendant **FREIGHTLINER CORPORATION** was in the business of selling, manufacturing and distributing bus parts and components for the purpose of sale and use to businesses.

46.    That at all times herein mentioned the Defendant **FREIGHTLINER CORPRATION** was in the business of selling, manufacturing and distributing the component parts of the subject 2005 Freightliner Bus with NY Plate No. 20602BB and Vin number 4UZAAXCS55CN21255 for the purpose of sale and use to the general public.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

47.    That at all times herein mentioned, the defendant **FREIGHTLINER CORPORATION** was in the business of selling, manufacturing and distributing the subject 2005 Freightliner Bus with NY Plate No. 20602BB and VIN number 4UZAAXCS55CN21255.

48.    That on April 25, 2020, plaintiff was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **DAIMLER TRUCK NORTH AMERICA, LLC.**

49.    That on April 25, 2020, plaintiff was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **NAVISTAR, INC.**

50.    That on April 25, 2020, plaintiff was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **FREIGHTLINER CORPORATION.**

51.    That on April 25, 2020, plaintiff decedent was working on a 2005 Freightliner plate number 20602BB and VIN number 4UZAAXCS55CN21255 with component parts manufactured by **THOMAS BUILT BUSES, INC.**

52.    That on April 25, 2020, plaintiff decedent was working on a bus manufactured by defendants with Alliance Air Springs.

53.    That the Defendant **DAIMLER TRUCK NORTH AMERICA, LLC** warranted said product was fit for the purpose for which it was intended.

54.    That the Defendant **DAIMLER TRUCK NORTH AMERICA, LLC** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

55.    That the Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** impliedly warranted that the said product was of merchantable quality and was safe for use.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

56.   That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

57.   That Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** warranted its product and provided certain written instructions in connection with the use of the product.

58.   That on April 25, 2020, the Plaintiff decedent while using the product in accordance with its intended use, was caused to suffer and sustain severe bodily injuries.

59.   That on April 25, 2020 while using the product in accordance with its intended use, plaintiff decedent suffered injuries which were painful, debilitating, and ultimately caused the death of plaintiff decedent.

60.   That the aforesaid accident was caused by reason that Defendant, **DAIMLER TRUCK NORTH AMERICA, LLC** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

61.   That the Defendant **NAVISTAR, INC.** warranted said product was fit for the purpose for which it was intended.

62.   That the Defendant **NAVISTAR, INC.** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

63.   That the Defendant, **NAVISTAR, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

64.   That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

65.   That Defendant, **NAVISTAR, INC.** warranted its product and provided certain written instructions in connection with the use of the product.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

66.    That the aforesaid accident was caused by reason that Defendant, **NAVISTAR, INC.** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

67.    That the Defendant **THOMAS BUILT BUSES, INC.** warranted said product was fit for the purpose for which it was intended.

68.    That the Defendant **THOMAS BUILT BUSES, INC.** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

69.    That the Defendant, **THOMAS BUILT BUSES, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

70.    That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

71.    That Defendant, **THOMAS BUILT BUSES, INC.** warranted its product and provided certain written instructions in connection with the use of the product.

72.    That the aforesaid accident was caused by reason that Defendant, **THOMAS BUILT BUSES, INC.** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

73.    That the Defendant **FREIGHTLINER CORPORATION** warranted said product was fit for the purpose for which it was intended.

74.    That the Defendant **FREIGHTLINER CORPORATION** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

75.    That the Defendant, **FREIGHTLINER CORPORATION** impliedly warranted that the said product was of merchantable quality and was safe for use.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

76.    That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

77.    That Defendant, **FREIGHTLINER CORPORATION** warranted its product and provided certain written instructions in connection with the use of the product.

78.    That the aforesaid accident was caused by reason that Defendant, **FREIGHTLINER CORPORATION** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

79.    That this action falls under one or more of the exceptions of CPLR §1602.

80.    That as a result of the foregoing, plaintiff's intestate and plaintiff's estate was damaged in an amount which exceeds jurisdictional limits.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF TRIBHOWANDEO GANGARAM

81.    Plaintiff decedent **TRIBHOWANDEO GANGARAM**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though same were more fully set forth at length herein.

82.    That the said bus and its component parts were defective and that said defect was a substantial factor in causing the injury to the Plaintiff.

83.    That on April 25, 2020, Plaintiff decedent **TRIBHOWANDEO GANGARAM**, used the product for the purpose and use normally intended.

84.    That on April 25, 2020, while Plaintiff decedent **TRIBHOWANDEO GANGARAM** was using the said product, he was caused to suffer severe bodily injuries.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

85.    That by reason of the foregoing, defendants, their servants, agents, licensees and/or employees are liable to Plaintiff for strict liability and tort, and/or strict products liability.

86.    That by reason of the foregoing, plaintiff's intestate and plaintiff's estate, has been damaged in an amount which exceeds jurisdictional limits.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF TRIBHOWANDEO GANGARAM

87.    Plaintiff decedent **TRIBHOWANDEO GANGARAM**, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though same more fully set forth at length herein.

88.    That Plaintiff decedent **TRIBHOWANDEO GANGARAM** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants, their agents, servants, licensees and/or employees in improperly and negligently manufacturing and producing said bus and component parts for use by the general public; and in otherwise being careless and negligent.

89.    That by reason of the foregoing, plaintiff's intestate and plaintiff's estate, has been damaged in an amount which exceeds jurisdictional limits.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF TRIBHOWANDEO GANGARAM

90.    Plaintiff decedent **TRIBHOWANDEO GANGARAM** repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect as though same more fully set forth at length herein.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

91.     That plaintiff decedent was caused to sustain those bodily injuries through no fault or carelessness of his own, but solely due to the acts and/or omissions which constituted the negligence of the defendants their agents, servants, licensees and/or employees, in failing to use proper skill in the manufacturing, designing and labeling of said product; in failing to provide for basic, common, safety principles; in labeling the product in a defective and improper manner; in failing to advise plaintiff decedent that the equipment in accordance with the instructions became defective and was unsafe and hazardous; in failing to properly inspect, design and test the aforesaid product before allowing same to be used by the general public; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing for warnings, in accordance with the instructions of its use; in failing to provide a safe product, and causing, creating and allowing a defective, improper product by improperly designing the product; and permitting it to remain and exist; in negligently assembling the said product; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in failing to warn the plaintiff decedent and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designing labels, and warnings, and releasing same for its use to the general public; and in otherwise being careless and negligent.

92.     That by reason of the foregoing, plaintiff's intestate and plaintiff's estate has been damaged in an amount which exceeds jurisdictional limits.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF TRIBHOWANDEO GANGARAM

93.     Plaintiff **TRIBHOWANDEO GANGARAM** repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

94. That as a result of the unlawful, improper, negligent, violative, obstreperous, wilful and grossly deficient acts, actions and conduct on the part of defendants, their agents, servants, personnel, and employees, the Wrongful Death of plaintiff decedent was caused, created and suffered.

95. That by virtue of the foregoing, plaintiff's intestate and plaintiff's estate have been damaged in an amount which exceeds jurisdictional limits.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF BRIJMATTIE KISSOON

96. Plaintiff **BRIJMATTIE KISSOON** repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth at length herein.

97. By reason of the above, Plaintiff **BRIJMATTIE KISSOON** brings this action for the wrongful death of Plaintiff decedent **TRIBHOWANDEO GANGARAM** on behalf of herself, and on behalf of all others entitled to compensation, for damages, both general and special, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiffs demand judgment against the defendants herein in an amount which exceeds jurisdictional limitations, together with the costs and disbursements of this action.

Yours, etc.

**GOLDSTEIN & GOLDSTEIN, P.C.**

By:_____
MARK I. GOLDSTEIN
Attorneys for Plaintiffs
Office & P.O. Address
26 Court Street - Suite 2005
Brooklyn, New York 11242
Our File No. 20-11142

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 511578/2022
RECEIVED NYSCEF: 04/21/2022

## ATTORNEY'S VERIFICATION

MARK I. GOLDSTEIN, an attorney duly admitted to practice before the Courts of

the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at GOLDSTEIN & GOLDSTEIN, P.C., attorneys of record for Plaintiffs,

**TRIBHOWANDEO GANGARAM, and BRIJMATTIE KISSOON.**   I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except   those matters therein

which are stated to be alleged upon information and belief, and as to those matters I believe them to

be true.   My belief, as to those matters therein not stated upon knowledge, is based upon facts,

records, and other pertinent information contained in my files.


Dated:   Brooklyn, New York
         April 20, 2022.

_____
MARK I. GOLDSTEIN

FILED: KINGS COUNTY CLERK 04/21/2022 01:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 511578/2022

RECEIVED NYSCEF: 04/21/2022

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, and
BRIJMATTIE KISSOON, Individually,

Plaintiffs,

-against-

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER CORPORATION,
and THOMAS BUILT BUSES, INC.

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

GOLDSTEIN & GOLDSTEIN
*Attorneys for Plaintiffs*
26 Court Street, 20th Floor
Brooklyn, New York 11242
(718)855-0551

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-------------------------------------------------------------------x
BRIJMATTIE KISSOON, as Administrator of the
Estate of TRIBHOWANDEO GANGARAM, et al

                 Plaintiff/Petitioner,

        - against -                 Index No. 511578/2022

DAIMLER TRUCKS NORTH AMERICA, LLC,
NAVISTAR, INC., FREIGHTLINER, et al

               Defendant/Respondent.
-------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating** in e-filing include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: April 21, 2022

MARK I GOLDSTEIN
Name
GOLDSTEIN & GOLDSTEIN, P.C.

Firm Name

26 Court Street - 20th Floor
Address

Brooklyn, New York 11242

718-855-0551
Phone

INFO@GGPILAW.COM
E-Mail

To:

6/6/18

Index #          Page 2 of 2          EFM-1