**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BRIJMATTIE KISSOON, as Administrator of the Estate of TRIBHOWANDEO GANGARAM, and BRIJMATTIE KISSOON, Individually, | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | NO. 1:22-CV-04563-EK-RLK |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **ANSWER OF NAVISTAR, INC., TO** |
| | : | **COMPLAINT WITH DEFENSES AND** |
| DAIMLER TRUCKS NORTH AMERICA, LLC, NAVISTAR, INC., FREIGHTLINER CORPORATION, and THOMAS BUILT BUSES, INC., | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

Defendant, Navistar, Inc., by and through its attorneys Goldberg Segalla, responds to plaintiff's Complaint as follows:

**AS AND FOR ITS RESPONSE TO THE FIRST CAUSE OF ACTION
ON BEHALF OF TRIBHOWANDEO GANGARAM**

1.      Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

2.      Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

3.      Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

4.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

5.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

6.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

7.     Admitted.

8.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

9.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

10.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

11.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

12.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

13.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

14.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

15.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

16.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

17.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

18.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

19.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

20.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

21.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

22.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

23.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint.

24.     Admitted.

25.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint because plaintiff does not define what she considers to be "substantial" revenue.  Navistar admits that it has in the past received revenue from goods sold in the State of New York.

26.     Denied as stated.  Navistar admits that it has in the past sold, manufactured and/or distributed components and/or parts for chasses that could be completed by a body builder (also known in the industry as an "upfitter" and/or by applicable Federal Motor Vehicle Safety Standards ("FMVSS") as a "final-stage manufacturer") for use as a bus.

27.     Denied as stated.  Navistar admits that it has in the past sold, manufactured and/or distributed components and/or parts for chasses that could be completed by a body builder (also known in the industry as an "upfitter" and/or by applicable Federal Motor Vehicle Safety Standards ("FMVSS") as a "final-stage manufacturer") for use as a bus.

28.     Navistar denies that it any time sold, manufactured or distributed the subject 2005 Freightliner Bus bearing Vehicle Identification Number ("VIN") 4UZAAXCS55CN21255 or engaged in the business of doing so.  To the contrary, analysis of this VIN using the National Highway Traffic Safety Administration ("NHTSA") VIN decoder website indicates the bus was manufactured by Freightliner Custom Chassis Corp., a corporation separate and distinct from Navistar and in which Navistar has no ownership or other interest.

29.     Navistar denies that it any time sold, manufactured or distributed the subject 2005 Freightliner Bus bearing Vehicle Identification Number ("VIN") 4UZAAXCS55CN21255 or engaged in the business of doing so.  To the contrary, analysis of this VIN using the National Highway Traffic Safety Administration ("NHTSA") VIN decoder website indicates the bus was

manufactured by Freightliner Custom Chassis Corp., a corporation separate and distinct from Navistar and in which Navistar has no ownership or other interest.

30.     Navistar denies the subject bus was an "International" product.  Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint that it sold, manufactured or distributed components that were part of the subject bus at the time of the incident giving rise to this lawsuit; therefore, Navistar denies these averments and demands proof thereof.

31.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

32.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

33.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

34.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

35.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

36.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

37.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

38.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

39.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

40.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

41.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

42.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

43.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

44.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

45.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

46.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

47.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

48.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

49.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

50.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

51.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

52.      Navistar denies upon information and belief that it manufactured the bus described in plaintiff's Complaint given its VIN.  Navistar also denies it manufactured the "Alliance Air Springs" referenced in this paragraph of plaintiff's Complaint given its belief and understanding that "Alliance" is a trade or brand name used by Daimler Truck North America, LLC ("DTNA").

53.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

54.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

55.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

56.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

57.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

58.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

59.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

60.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

61.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint.

62.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint.

63.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint.

64.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint.

65.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint.

66.     Navistar denies the averments set forth in this paragraph of plaintiff's Complaint.

67.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

68.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

69.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

70.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

71.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

72.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

73.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

74.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

75.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

76.     Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

77.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

78.     The averments set forth in this paragraph refer to a party other than Navistar and, therefore, no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in

this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

79.    The averments set forth in this paragraph constitute conclusions of law to which no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

80.    The averments set forth in this paragraph constitute conclusions of law to which no response is required.  To the extent any response is deemed required, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof. Further, Navistar denies it in any way caused or contributed to cause the incident described in the Complaint, the decedent's injuries and/or the plaintiff's claimed damages.

**AS AND FOR ITS RESPONSE TO THE SECOND CAUSE OF ACTION
ON BEHALF OF TRIBHOWANDEO GANGARAM**

81.    Navistar incorporates by reference as though fully set forth herein its responses to the averments set forth in paragraph (1) through (80), inclusive, of plaintiff's Complaint.

82.    Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

83.    Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

84.    Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint; therefore, Navistar denies these averments and demands proof thereof.

85.    Navistar denies it is in any way liable (strictly or otherwise) to plaintiff and that it in any way caused or contributed to case the incident described in plaintiff's Complaint, the decedent's death and/or the plaintiff's claimed damages.

86.    Navistar denies it is in any way liable to plaintiff and that it in any way caused or contributed to case the incident described in plaintiff's Complaint, the decedent's death and/or the plaintiff's claimed damages.  Further, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint concerning her claimed damages; therefore, Navistar denies these averments and demands proof thereof.

### AS AND FOR ITS RESPONSE TO THE THIRD CAUSE OF ACTION
### ON BEHALF OF TRIBHOWANDEO GANGARAM

87.    Navistar incorporates by reference as though fully set forth herein its responses to the averments set forth in paragraph (1) through (86), inclusive, of plaintiff's Complaint.

88.    To the extent the averments set forth in this paragraph refer to a party or parties other than Navistar, no response is required.  Navistar denies the averments set forth in this paragraph of plaintiff's Complaint to the extent those averments refer to it.

89.    Navistar denies it is in any way liable to plaintiff and that it in any way caused or contributed to case the incident described in plaintiff's Complaint, the decedent's death and/or the plaintiff's claimed damages.  Further, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint

concerning her claimed damages; therefore, Navistar denies these averments and demands proof thereof.

**AS AND FOR ITS RESPONSE TO THE FOURTH CAUSE OF ACTION
ON BEHALF OF TRIBHOWANDEO GANGARAM**

90.     Navistar incorporates by reference as though fully set forth herein its responses to the averments set forth in paragraph (1) through (89), inclusive, of plaintiff's Complaint.

91.     To the extent the averments set forth in this paragraph refer to a party or parties other than Navistar, no response is required.  Navistar denies the averments set forth in this paragraph of plaintiff's Complaint to the extent those averments refer to it.

92.     Navistar denies it is in any way liable to plaintiff and that it in any way caused or contributed to case the incident described in plaintiff's Complaint, the decedent's death and/or the plaintiff's claimed damages.  Further, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint concerning her claimed damages; therefore, Navistar denies these averments and demands proof thereof.

**AS AND FOR ITS RESPONSE TO THE FIFTH CAUSE OF ACTION
ON BEHALF OF TRIBHOWANDEO GANGARAM**

93.     Navistar incorporates by reference as though fully set forth herein its responses to the averments set forth in paragraph (1) through (92), inclusive, of plaintiff's Complaint.

94.     To the extent the averments set forth in this paragraph refer to a party or parties other than Navistar, no response is required.  Navistar denies the averments set forth in this paragraph of plaintiff's Complaint to the extent those averments refer to it.

95.     Navistar denies it is in any way liable to plaintiff and that it in any way caused or contributed to case the incident described in plaintiff's Complaint, the decedent's death and/or the

plaintiff's claimed damages.  Further, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint concerning her claimed damages; therefore, Navistar denies these averments and demands proof thereof.

### AS AND FOR ITS RESPONSE TO THE SIXTH CAUSE OF ACTION ON BEHALF OF TRIBHOWANDEO GANGARAM

96.    Navistar incorporates by reference as though fully set forth herein its responses to the averments set forth in paragraph (1) through (95), inclusive, of plaintiff's Complaint.

97.    To the extent the averments set forth in this paragraph refer to a party or parties other than Navistar, no response is required.  Navistar denies the averments set forth in this paragraph of plaintiff's Complaint to the extent those averments refer to it and, specifically, denies it is in any way liable to plaintiff and that it in any way caused or contributed to case the incident described in plaintiff's Complaint, the decedent's death and/or the plaintiff's claimed damages. Further, Navistar lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph of plaintiff's Complaint concerning her claimed damages; therefore, Navistar denies these averments and demands proof thereof.

**WHEREFORE**, defendant, Navistar, Inc., demands plaintiff's Complaint be dismissed with prejudice and judgment thereon entered in its favor and against plaintiff, together with an award of costs of suit and such other relief as this Honorable Court may deem appropriate.

### FIRST DEFENSE

Plaintiff fails to state a claim against Navistar upon which relief can be granted.

### SECOND DEFENSE

The claims of plaintiff may be barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

That any liability of Navistar is limited by the provisions of Article 16 of the CPLR, and Navistar is not jointly or severally liable.

### FOURTH DEFENSE

That the damages allegedly suffered by the plaintiff may have been caused in whole or in part by the culpable conduct of the plaintiff's decedent. The plaintiff's claims may, therefore, be barred or diminished in the proportion that such culpable conduct of the plaintiff's decedent bears to the total culpable conduct causing the damages.

### FIFTH DEFENSE

In the event plaintiffs recover a verdict or judgment against Navistar, said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have or will replace or indemnify plaintiff in whole or in part for any past or future claimed economic loss or from any collateral source.

### SIXTH DEFENSE

Navistar did not commit any act or omission that was a proximate cause of the claimed injuries or damages of plaintiff.

### SEVENTH DEFENSE

If Navistar distributed any product described in the Complaint as alleged, the claimed damages of plaintiff were not caused by the condition of the product(s) at the time it left the possession and control of Navistar.

### EIGHTH DEFENSE

If Navistar distributed any product described in the Complaint as alleged, the product(s) may have been substantially altered after it left the possession and control of Navistar.

## NINTH DEFENSE

If Navistar distributed any product described in the Complaint as alleged, the product(s) may have been misused either before or at the time of the events described in plaintiff's Complaint.

## TENTH DEFENSE

The acts of other individuals or entities over whom Navistar exercised no control may constitute an intervening, superseding cause of the events described in plaintiff's Complaint and the claimed damages of plaintiff so as to relieve Navistar of any liability for any such claimed damages.

## ELEVENTH DEFENSE

The claimed damages of plaintiff were caused or contributed to by the acts or omissions of third parties over whom Navistar exercised no control.

## TWELFTH DEFENSE

If a product designed in part, manufactured in part, assembled, distributed or otherwise supplied by Navistar was involved in the incident described in the Complaint as alleged, Navistar did not supply any warranty (express or implied) concerning the product other than as set forth in the written limited warranty it provided with the product or as otherwise required by law.

## THIRTEENTH DEFENSE

Navistar did not breach any warranty, express or implied, it may have extended concerning any product described in the Complaint.

## FOURTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of spoliation.

## FIFTEENTH DEFENSE

The damages otherwise recoverable in this action, if any, should be diminished pursuant to Article 14-A of the CPLR.

## SIXTEENTH DEFENSE

The plaintiff's decedent may have assumed the risk of the injury and damages complained of in the Complaint.

## SEVENTEENTH DEFENSE

This action is barred by reason of the lack of privity of contract between the parties.

## EIGHTEENTH DEFENSE

The product in question conformed to and complied with the state of the art as it existed at the time of its design, manufacture and sale.

## NINETEENTH DEFENSE

Upon information and belief, plaintiff was a sophisticated, knowledgeable and informed user of the product.

## TWENTIETH DEFENSE

That Navistar cannot be held liable for the decedent's death on the grounds that the decedent, through exercise of reasonable care, could have discerned the alleged hazard and/or defect, apprehended the alleged defect and/or hazard and avoided the danger, as such, which were known to plaintiff and were open, obvious, notorious and apparent.

## TWENTY FIRST DEFENSE

The product at issue contained adequate warnings and instructions.

### TWENTY SECOND DEFENSE

Upon information and belief, any damages awarded plaintiff should be reduced pursuant to General Obligations Law § 15-108.

### TWENTY THIRD DEFENSE

Navistar denies all allegations in plaintiff's Complaint not otherwise specifically addressed.

### TWENTY FOURTH DEFENSE

Navistar hereby reserves the right to assert upon completion of its investigation and discovery such additional defenses, cross claims and claims against third parties as may be appropriate.

**WHEREFORE**, Navistar, Inc., demands the Complaint of plaintiff be dismissed with prejudice and that judgment thereon be entered in favor of Navistar and against plaintiff, together with an award of costs of suit and such other relief as this Honorable Court may deem appropriate.

### JURY DEMAND

Defendant, Navistar, Inc., hereby demands as to all issues a trial by jury.

Dated: Philadelphia, PA
      October 10, 2020

               **GOLDBERG SEGALLA**

               BY:   */s Elizabeth A. Weill*
                     1700 Market Street, Suite 1418
                     Philadelphia, PA 19103
                     TEL:  (267) 519-6863
                     Email:  eweil@goldbergsegalla.com