

Connell Foley LLP
One Newark Center
1085 Raymond Blvd., 19th Floor
Newark, New Jersey 07102
P 973.436.5800  F 973.436.5801

**Matthew W. Bauer**
Partner
Direct Dial 973.436.5705
MBauer@connellfoley.com

November 9, 2023

**_VIA CM/ECF_**
Honorable Ramon E. Reyes, Jr., U.S.M.J.
United States District Court for the New York Eastern
District
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  **Brijmattie Kissoon, as Administrator of the Estate of Tribhowandeo Gangaram, and Brijmattie Kissoon, Individually v. Daimler Trucks North America, LLC, Navistar, Inc., Freightliner Corporation and Thomas Built Buses, Inc.**
**Civil Action No. 22-cv-4563 (EK)(RLM)**

Dear Judge Reyes:

We represent defendants, Daimler Truck North America LLC (improperly pled as Daimler Trucks North America LLC and Freightliner Corporation) and Thomas Built Buses, Inc. (collectively, "Defendants"), in the above referenced matter.  For the reasons set forth below, we write, jointly with plaintiff, to respectfully request a thirty (30) day stay of discovery while Defendants evaluate a potential Third Party Complaint against Bus Maintenance Corp., d/b/a Logan Bus Co. ("Logan Bus Co.").

By way of brief background, this matter arises out of an April 25, 2020 incident in which Tribhowandeo Gangaram was working on a school bus in his capacity as a mechanic for Logan Bus Co., when one of the vehicle's suspension air bags suddenly exploded, resulting in his immediate death.  The school bus involved in the decedent's accident contained a 2005 Freightliner Custom Chassis manufactured by Defendants.  The subject suspension air bag is a component part of the chassis. Plaintiff's Verified Complaint asserts six (6) causes of action against Defendants including: (1) breach of express and implied warranty; (2) strict tort liability/strict product liability; (3) negligence; (4) negligent design, manufacture, and warning/labeling; (5) wrongful death; and (6) wrongful death damages.

The parties have exchanged Rule 26 Initial Disclosures and written discovery responses. Plaintiff, Brijmattie Kissoon, was deposed on January 18, 2023.  A corporate representative from Defendants was deposed on September 6, 2023.  Additionally, an inspection of the parts recovered from the incident was completed on August 17, 2023.  Pursuant to the current discovery

12917984-1

schedule, fact discovery closed on November 2, 2023, and expert discovery is scheduled to close on February 2, 2024.

Plaintiff was precluded from bringing suit against Logan Bus Co., pursuant to the Workers' Compensation Law.  However, pursuant to New York Workers' Compensation Law § 11, "An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer **unless such third person proves through competent medical evidence that such employee has sustained a "grave injury" which shall mean only one or more of the following: death…"** (emphasis added).  Defendants here satisfy the threshold for overcoming the "grave injury" exception to filing a third party claim for contribution and indemnification against Logan Bus Co., in light of the accident resulting in the death of Mr. Gangaram.

Although Defendants concede that the availability to assert a claim against Logan Bus Co., under the "grave injury" exception has been available since the lawsuit commenced, Defendants did not want to do so until they had a good faith basis to believe that Logan Bus Co., may in fact be liable for the accident at issue.  As outlined in the parties' August 2, 2023 joint status letter, the parties have been attempting to obtain a number of documents via subpoena from Logan Bus Co., which remain outstanding to date.[1]  Further, the parties submitted an OPRA request to OSHA for a complete copy of the OSHA investigation file pertaining to the accident at issue.  The OHSA file has recently been received, and it contains a significant number of adverse findings against Logan Bus Co.  Accordingly, Defendants contend that the OSHA findings establish a good faith basis to pursue a claim for contribution and indemnification against Logan Bus Co.

After having the opportunity to evaluate the OSHA file, Defendants' in-house counsel learned that Logan Bus Co., was in fact a significant client of the company.  Aa a result, and before pursuing a Third Party Complaint, Defendants and Logan Bus Co., are workings towards a business-to-business solution to this matter, which they feel would better suit all parties' interests rather than engage in protracted litigation.  We have spoken with plaintiff's counsel regarding this, and she is in agreement that this may offer a more efficient solution than re-starting litigation with a newly added party.

Accordingly, the parties respectfully request that the Court stay discovery for thirty (30) days while Defendants work with Logan Bus Co., to resolve this issue, perhaps in lieu of seeking leave to file a Third Party Complaint.  At the conclusion of the stay, the parties will advise the Court whether leave to file the Third Party Complaint will be sought.  The parties will also submit a new proposed Discovery Scheduling Order at that time, in which new deadlines will be proposed based on whether the parties anticipate that the Third Party Complaint will be filed.  Even if the Third Party Complaint is not filed, the parties will need an additional thirty (30) days to complete fact discovery, which will include proceeding with the subpoenaed depositions of the Logan Bus

---

[1] Defendants also recently subpoenaed the depositions of three (3) employees of Logan Bus Co.  These subpoenaed depositions have been cancelled in light of the business-to-business discussions going on between Defendants and Logan Bus Co.  Indeed, if Logan Bus Co., is added as a third party defendant, these depositions are more appropriately taken after Logan Bus Co., appears in the lawsuit as a party.

November 9, 2023
Page 3

Co., employees, as well as a corresponding extension of expert discovery deadlines and an adjournment of the upcoming Pretrial Conference on November 15, 2023 at 11 a.m.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Matthew W. Bauer

MWB/lmv
Enclosure

cc:     Mark I. Goldstein, Esq. (via e-mail and CM/ECF)
        Cindy Moonsammy, Esq. (via e-mail and CM/ECF)

12917984-1